# STATE OF MICHIGAN

# COURT OF APPEALS

---

AMBER DUDLEY, Personal Representative of the
ESTATE OF JAMES DUDLEY,

UNPUBLISHED
March 5, 2015

Plaintiff-Appellant,

v

No. 317202
St. Clair Circuit Court
LC No. 12-001027-NO

ST. CLAIR COUNTY OFFICE OF DRAIN
COMMISSIONER, COUNTY OF ST. CLAIR,
TIMOTHY R. CHARRON, ROBERT WILEY,
CHARLES WOOD, and EDWARD H. FAHLEY
as Trustee of EDWARD H. FAHLEY TRUST,

Defendants-Appellees.

---

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I dissent as to the dismissal of the case against defendant Timothy Charron on the grounds of governmental immunity. I concur with the majority's affirmance of the dismissal of plaintiff's other claims on the grounds of governmental immunity.

Charron was the drain commission employee who supervised the tree removal operations in question.

There is extensive lay and expert evidence in the record that Charron did not give proper direction to the volunteer prisoner work crew in order to assure that trees could be cut down without causing any of the surrounding dead trees to fall and cause serious injury to one of the crewman. MIOSHA issued multiple citations and defendant Charron was suspended after the county investigated the incident. Nevertheless, were this the extent of the evidence, I would be inclined to agree with the majority that it was not sufficient to demonstrate "gross negligence" as defined in the statute providing for immunity to individual government employees. MCL 691.1407(8)(a).

However, this is not the extent of the evidence. Three witnesses testified that Charron did not provide, or even offer, hardhats to the crew. Charron has submitted an affidavit averring that he did offer the crew hardhats but that they declined to use them. Thus, as to this issue, there is a factual question that can only be resolved by a jury after hearing the witnesses and judging their credibility. The record demonstrates that Charron clearly understood the

-1-

seriousness of the risk. He testified that he understood that the area was full of dead trees which he called "widow maker[s]" due to the risk that one would fall and strike or impale a crew member during the work. Given that knowledge, combined with the multiple other safety failures, I believe that a reasonable jury could conclude that the failure to provide hardhats demonstrated "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). And, since plaintiff's decedent died because he was struck in the head by a falling tree, a jury could also find that the failure to provide him with a hard hat was "the proximate cause of the injury." MCL 691.1407(2)(c).

/s/ Douglas B. Shapiro